*513 The Court delivered the following opinion : — An indictment for a misdemeanor, had been presented to, and found by the grand jury ; at the foot of which, Bart-lettand others were set down ás prosecutors, according to the act of assembly in such cases made and provided, The defendant, Humphreys, was put upon his trial, and acquitted by the traverse jury ; and costs were awarded ágainst the prosecutors. On a subsequent day of the term, the prosecutors came into court, and moved to be released from payment of costs ; because they had been set down as prosecutors, without their knowledge or con.■sent; which cause.is supported by their own affidavit: .and also, because a motion had been made by the attor- *514 Key for the commonwealth, before the traverse jury was sworn, to erase their names from the indictment, and insert another prosecutor in lieu of them, “ suggesting that they had refused to act, or become as prosecutors in support of which latter reason, the affidavits of the attorney for the commonwealth, and others, were adduced, to show that such motion had been made : and it is farther suggested, that the persons marked as prosecutors, had appeared before the grand jury, at a former term, as witnesses sent for by the grand jury: of this, there is no evidence in the record, and therefore no remarks need be made on that subject.
The court overruled the motion for the release of the said persons from payment of costs ; to which opinion, an exception was taken, and sealed by the court, with this note — that it was not understood by the court, from the arguments of counsel, or the motion made by the attorney for the commonwealth, that the said prosecutors were marked without their consent. Bartlett, the plaintiff in this court, has assigned for error, the overruling of the motion for a release from payment of costs, as stated in the bill of exceptions and affidavits therein set forth.
That the said Bartlett, and the others who are marked as prosecutors, made any motión to be discharged or erased from the indictment, previous to the trial, is not pretended ; but only that a motion was made by the attorney for the commonwealth, upon the suggestion “ that they had refused to act, or to become as prosecutors.” But such motion was not spread on the record ; find appears only by the affidavits and bill of exceptions, after acquittal, and judgment against the prosecutors;
Having failed to move on behalf of themselves to be stricken from the foot of the indictment, although it is tobe implied that they had notice that their names had been there set down, it would seem that the motion now under consideration, ought not to have been indulged in the circuit court ; especially, when we reflect, that the motion, in case it had prevailed, would have excluded a person, prosecuted and acquitted, from his costs, as intended to be secured by the statute.
Motions of this kind, must be received with great caution ; otherwise, the beneficial and liberal views of the legislature, in requiring the prosecutor to be set *515 $fown at the foot of every indictment, for a trespass or misdemeanor, before it is presented to the grand jury, may be defeated.
Littell, for the plaintiff.
The court certify that they did npt understand that the prosecutors were marked without their consent. No sufficient excuse is alleged for the neglect to have their names struck off the indictment, before the aceu-. sed was put upon his trial. And although there may appear to be some hardship in the rule of law, that all persons are bound take notice of those things which are done in courts of justice, yet that rule is founded on weighty considerations ; ánd the hardship is the less in this case, hecause it is strongly to be implied, from the bill of exceptions, that the prosecutors námedj had actual notice thereof, before the trial, and yet suffered the defendant to be put upon his trial, under the faith of their-being bound to him for Eis costs, in case he was acquitted.
We cannot see any reason for excepting this, cáse out of the general rule, that if one personates another/or uses his name officiously, and without authority, whereby damage befalls him, the person thus endamaged, may have redress, by action on the special case. To such action, the plaintiff must resort, if he supposes his name has been unwarrantably used.---Judgment affirmed,